UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cr-107-PPS |
| ) | |
| DARRIUS L. SMITH, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Darrius Smith is in custody pending his sentencing, which is set for November 21, 2024. [DE 29.] Smith pleaded guilty to one count of Unlawful Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1). [*See* DE 16; DE 19; DE 21.] Before me now is Smith's Motion for an Order to Release Defendant to Home Confinement for the period before his sentencing on November 21. [DE 34.] For the reasons set forth below, Smith's Motion for Release to Home Confinement is DENIED.

Smith cites 18 U.S.C. § 3142(i), titled "Release or detention of a defendant pending trial", as the authority for his request. This is the incorrect statute, though this is admittedly a complicated area of law. After a defendant has been adjudicated guilty, detention is instead governed by § 3143, which is entitled "Release or detention of a defendant pending sentence or appeal." The organization and language of these two provisions governing release and detention suggests that § 3142 governs only detention prior to an adjudication of guilt, and that § 3143 governs release or detention pending sentence, as §3143(a)(1) plainly refers to "a person who has been found guilty of an

1

offense and who is awaiting imposition or execution of sentence." *See also United States v. Hartsell*, 448 F.Supp.3d 975 (N.D. Ind. 2020); *United States v. Young*, No. 2:18-CR-21-2-TLS-APR, 2020 WL 2092837, at *2 (N.D. Ind. April 30, 2020).

Under § 3143, judges are to order defendants for whom the sentencing guidelines recommend a term of imprisonment to be detained pending sentencing unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1). Section 3142(b) concerns release on personal recognizance or unsecured appearance bond and Section 3142(c) concerns release on conditions. Smith is not eligible for release under § 3143(a)(2) because his offense is not one described in "subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142." 18 U.S.C. § 3143(a)(2). Because he has been adjudged guilty, Smith bears the burden of proving by clear and convincing evidence that he is not a flight risk or a danger to the community. *Hartsell*, 448 F.Supp.3d at 977.

I find it unlikely that Smith is a flight risk, having found nothing in his record to indicate as much, but I find that Smith has not proved by clear and convincing evidence that he does not pose a danger to the community if released. Smith has pleaded guilty to a serious crime. During his January 2023 arrest, officers recovered a Glock 23 .40 caliber handgun, 17 .40 caliber rounds, and narcotics and equipment indicative of the sale of narcotics. This is a dangerous weapon and one that Smith knew that he had no business having in his possession. I am sympathetic to Smith's request and the hardship that his incarceration has imposed on his family. But given the circumstances of Smith's

arrest and the nature of this crime, I am not convinced that Smith's release before sentencing would not pose a threat to the safety of the community.

ACCORDIINGLY:

Smith's Motion for an Order to Release Defendant to Home Confinement [DE 34] is DENIED.

SO ORDERED.

ENTERED: September 17, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT